# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELSA FALERO**
          **Plaintiff,**

   v.                                           **Case No. 06-C-0367**

**JO ANNE B. BARNHART,**
**Commissioner of the Social Security Administration**
          **Defendant.**

## ORDER

    Plaintiff Elsa Falero brought this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying her application for social security disability benefits. I issued a scheduling order, which required the Commissioner to compile the administrative record and serve it on plaintiff by June 1, 2006.

    On May 11, 2006, the Commissioner filed a motion to remand pursuant to § 405(g), sentence six. She indicated that the Office of Hearings and Appeals had received plaintiff's file from an off-site storage facility, but the file did not contain the tape recordings of plaintiff's oral hearings. She asked that the matter be remanded to search for the tapes, stating that if the tapes were not found within 120 days the matter would be remanded to an Administrative Law Judge for a de novo hearing and new decision.

    In her response, plaintiff agrees that the matter should be remanded but argues that 120 days to search for the tapes is too long; she asks that the matter be remanded for a new hearing now. The Commissioner has not filed a reply.

Loss of the hearing tapes constitutes good cause for a sentence six remand. H.R. Conf. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980) ("Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record."); see, e.g., Shipman v. Barnhart, No. 02 Civ. 6987, 2003 U.S. Dist. LEXIS 12291 (S.D.N.Y. July 14, 2003) (remanding for new hearing where hearing tape was lost).

However, the Commissioner has not supported her request for 120 days to search for the tapes. For instance, she has not indicated what she will do to locate the tapes during that time. Moreover, I am concerned about the additional delay this will cause in the processing of plaintiff's claim. See McCullough v. Apfel, 95 F. Supp. 2d 956, 957 (S.D. Ind. 2000) (expressing concern that cases fall through the cracks when remanded to search for missing records, and stating that the Commissioner's standard practice in such a situation was simply to wait and see if the file turned up, making no meaningful affirmative efforts to find it). Perhaps the Commissioner has developed new procedures since McCullough, but she had not advised me of them or explained how a delay of 120 days will reasonably move this matter forward. Nor has she opposed plaintiff's request that the matter be remanded for a new hearing now. Therefore, I will order that the matter be remanded for a new hearing.

**THEREFORE, IT IS ORDERED** that the Commissioner's motion to remand pursuant to § 405(g), sentence six is **GRANTED** in part as stated herein, and this matter

is **REMANDED** for further proceedings consistent with this order, pursuant to § 405(g), sentence six.

While retaining jurisdiction of the case, I will administratively close the file at this time. The case may at the request of either party be re-opened upon completion of the proceedings on remand.

Dated at Milwaukee, Wisconsin this 1st day of June, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

3